ROBERT B. MILGROOM & another[1] *vs.* NEWS GROUP
BOSTON, INC., & another.[2]

Suffolk. November 4, 1991. - February 24, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Libel and Slander.*

A plaintiff in a libel action, a public figure, did not demonstrate by clear
and convincing evidence that the defendants acted with actual malice in
publishing the allegedly defamatory statements, and summary judg-
ment was correctly entered for the defendants. [10-12]

A plaintiff in a libel action who was not a public figure was not entitled to
prevail against the defendants' motion for summary judgment where
uncontroverted facts demonstrated the allegedly libelous statements
were true. [12-13]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 2, 1988.

The case was heard by *J. Owen Todd*, J., on a motion for
summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Charles A. Clifford* for the plaintiff.

*Elizabeth A. Ritvo & M. Robert Dushman* for the
defendants.

WILKINS, J. On August 21, 1988, the defendant News
Group Boston, Inc., published an article in the Boston Her-
ald newspaper authored by the defendant Estes, concerning
the plaintiffs, a former Massachusetts District Court judge
and her attorney husband. Each plaintiff has alleged in this
action that the article was libelous in certain respects. After

---

[1]Lillian D'Ambrosio Milgroom.

[2]Andrea Estes.

considerable discovery, the defendants successfully moved for summary judgment. We transferred the plaintiffs' appeal here and now affirm the judgment.

1. The article's allegedly libelous aspects largely concerned Mrs. Milgroom's absences from court duties (on some of which she was in Florida) during the two and one-half years before her retirement on July 31, 1988. Under decisions of the Supreme Court of the United States, she was a public official who has a substantially heightened burden of proof to establish liability for libel. A sitting judge is a public official for the purposes of applying the principles of *New York Times Co.* v. *Sullivan*, 376 U.S. 254 (1964). See *Garrison* v. *Louisiana*, 379 U.S. 64 (1964) (conclusion that judge is public official assumed without discussion); *Simonson* v. *United Press Int'l, Inc.*, 654 F.2d 478, 481 (7th Cir. 1981) (lower court "finding" that judge was public official not challenged on appeal). A judge who has left the bench continues to be a public official as to her conduct during her judicial tenure, at least with respect to matters involving the administration of justice, a subject of continuing public interest. See *Rosenblatt* v. *Baer*, 383 U.S. 75, 87 n.14 (1966); *Zerangue* v. *TSP Newspapers, Inc.*, 814 F.2d 1066, 1069-1070 (5th Cir. 1987) (article concerning former officials' activities published almost six years after they lost their jobs; held, public officials); *Pierce* v. *Capital Cities Communications, Inc.*, 576 F.2d 495, 510 n.67 (3d Cir.), cert. denied, 439 U.S. 861 (1978), (former mayor and port authority head still public official as to his activities in office more than three years after leaving office). See also *Time, Inc.* v. *Johnston*, 448 F.2d 378, 381 (4th Cir. 1971) ("No rule of repose exists to inhibit speech relating to the public career of a public figure so long as newsworthiness and public interest attach to events in such public career").

Because the former judge was a public official for the purposes of deciding whether the defendants may be held liable for defamatory statements concerning her conduct while a judge, she must prove by clear and convincing evidence that the defendants acted with actual malice in publishing the al-

legedly defamatory statements. See *New York Times Co.* v. *Sullivan, supra* at 279-280. One acts .with actual malice by publishing a statement with knowledge of its falsity or with reckless disregard to its truth or falsity. See *id.*; *King* v. *Globe Newspaper Co.*, 400 Mass. 705, 719 (1987), cert. denied, 485 U.S. 962 (1988); *Stone* v. *Essex County Newspapers, Inc.*, 367 Mass. 849, 867 (1975). To have acted with reckless disregard as to the truth of a statement, one must have entertained serious doubts as to the truth of that statement. See *St. Amant* v. *Thompson*, 390 U.S. 727, 730-731 (1968); *McAvoy* v. *Shufrin*, 401 Mass. 593, 598-599 (1988); *King* v. *Globe Newspaper Co., supra* at 720; *Stone* v. *Essex County Newspapers, Inc., supra.* A showing that a particular defendant acted with reckless disregard could be made on the basis of inferences drawn from objective evidence. *Stone* v. *Essex County Newspapers, Inc., supra* at 867-868.

There is no disputed fact concerning whether the defendants knew that the allegedly libelous statements were false. The individual defendant stated by affidavit that she had and still believed that the information in the article was true. Mrs. Milgroom has not contradicted that statement by anything in the summary judgment record.

As to whether the defendants acted in reckless disregard of the truthfulness of the allegedly libelous statements, the individual defendant's affidavit states that she had no reason to doubt the accuracy of the statements in the article or the truthfulness of their source. That statement alone is not dispositive of the issue because clear and convincing evidence might warrant a contrary inference. See *St. Amant* v. *Thompson, supra* at 732; *McAvoy* v. *Shufrin, supra* at 599. No such contrary evidence is shown, however, in the record. The parties conducted extensive discovery, to the scope of which the plaintiffs raise no challenge here. It is true that the article overstates by twenty percent the number of days (250 v. 216) the judge was absent from her judicial duties during the two and one-half years prior to her retirement. Even if we assume that the discrepancy is libelous, the discrepancy is not material because it does not tend to show that either de-

fendant acted with a subjective belief that the number of days set forth in the article was of doubtful veracity. See *Harte-Hanks Communications, Inc.* v. *Connaughton*, 491 U.S. 657, 665 (1989) ("a public figure plaintiff must prove more than an extreme departure from professional standards").[3]

We affirm summary judgment for the defendants on Mrs. Milgroom's claims.

2. Summary judgment was properly entered for the defendants on Mr. Milgroom's claims. We shall assume that Milgroom was not a public figure. We shall, therefore, pass on the allowance of the defendants' motion for summary judgment as to him by applying common law principles of libel. A statement is defamatory in the circumstances if it discredits a person in the minds of any considerable and respectable class of the community. *Smith* v. *Suburban Restaurants, Inc.*, 374 Mass. 528, 529 (1978). If, however, the uncontroverted facts show that the allegedly libelous statements were true, judgment for the defendant is warranted. See *Comerford* v. *Meier*, 302 Mass. 398, 402 (1939). It is this latter principle that controls the disposition of Milgroom's claims.

Milgroom's principal contention is that the article is libelous as to him in what it says about the sales tax consequences of his purchase of a boat in Florida in March, 1986. The article set forth the following, each sentence in a separate paragraph: "Presumably D'Ambrosio spent at least part of her time in Florida on the 48-foot yacht 'Lady Lily'

---

[3]Each plaintiff asserts that the article is false in stating that "she and her husband own a $900,000 vacation home in an exclusive section of Boca Raton." Mr. Milgroom alone owns a home in Boca Raton. It is worth at least $900,000. Although she may have some potential interest in the property because the plaintiffs are married, the article is wrong in stating that Mrs. Milgroom has an ownership interest in it. The plaintiffs have not shown, however, how the statement concerning the Florida home in its erroneous aspects is libelous of either of them. As to the former judge, we need not decide whether proof of the defendants' actual malice is a necessary element of this aspect her case. If it is, it is not made out on the record.

named after her. Milgroom, an attorney and accountant, purchased the $225,000 cabin cruiser in March of 1986 from a Florida dealer. On boat purchase papers Milgroom listed his address as Seabrook, N.H., even though he lives in Boston. In March, Florida tax officials challenged Milgroom's New Hampshire registration of the boat and assessed him $23,000 in unpaid sales tax and penalties." Each of these statements is true or substantially so.[4] The article continued by stating that Milgroom insisted, as was true, that the tax on the boat had been paid before the article was published.

Because, on the record, the facts concerning the boat were true or substantially so, summary judgment was properly entered for the defendants on Mr. Milgroom's claims.

*Judgment affirmed.*

---

[4]Milgroom provided a Seabrook, New Hampshire, address in purchasing the boat. The Florida Department of Revenue sent Milgroom a "notice of delinquent tax, penalty and interest due and assessed" in March, 1988, setting forth an amount of $22,250.69. The unavoidable implication in the circumstances is that, as the article said, the Florida tax officials challenged the New Hampshire registration of the boat.