Kern, J.
This case involves a complaint brought by Dennis Leboeuf (“Leboeuf’), a Town of Southbridge (“Southbridge”) police officer, against Michael Stevens (“Stevens”), the Chief of Police, and Florence Chandler (“Chandler”), the Town Manager. The underlying claims arise out of Leboeuf s suspension and termination by Stevens and Chandler respectively. Plaintiff has moved for Partial Summary Judgment and Defendant has opposed that motion and filed a Cross-Motion for Summary Judgment. For the reasons stated below, the plaintiffs motion is DENIED and the defendants’ motion is ALLOWED as to all counts of the Complaint.
UNDISPUTED FACTS
On June 25, 1996, Stevens was notified that the Charlton police department responded to a call at the house being shared by Leboeuf and his girlfriend Lorna Ide (“Ide”) and their one-year-old child. The police returned to the police station with Ide. After she filed a formal report of domestic violence, and Leboeuf was arrested both Ide and Leboeuf gave statements and each of them received restraining orders against the other. Both were the subjects of criminal complaints of assault and battery.
Stevens ordered an internal investigation. On the basis of that investigation Stevens suspended Leboeuf for five days, the maximum amount of time permitted by law.
The matter was then referred to Chandler, who was authorized to impose discipline beyond a five-day suspension. Chandler held a disciplinary hearing and on the basis of the evidence she reviewed, terminated the plaintiff on July 23, 1996. Leboeuf did not give any explanation for the events of June 25, 1996, during either the internal investigation or the disciplinary hearing on advice of counsel, as there were criminal charges pending against him.
Leboeuf appealed his suspension and termination to an arbitrator pursuant to the union contract. The arbitrator upheld the plaintiffs suspension up to and including October 22, 1996 (a 3-month suspension) but ordered him reinstated. The arbitrator found, inter alia, that the town was unable to establish that it had just cause to discharge Leboeuf because it lacked clear and convincing evidence to support its determination *586 that he was guilty of assault and battery. Southbridge was ordered to pay the plaintiff all wages and benefits lost after October 22, 1996 until his reinstatement. Southbridge complied with the arbitrator’s order.
Leboeuf then brought the present Complaint in five counts: Count One — Interference with Contractual Relations: Count Two — Interference with Advantageous Business Relations: Count Three — Defamation; Count Four — Intentional Infliction of Emotional Distress; and, Count Five — False Light/Invasion of Privacy. At the hearing on this motion plaintiff waived Count Four, acknowledging that a claim for intentional torts by co-workers is barred by M.G.L.c. 12 sec. 24, the Workers’ Compensation Act, if committed within the course of employment and in furtherance of the employer’s interest. There were no allegations that Stevens and Chandler were doing otherwise.
DISCUSSION
A. Preclusive Effect of Arbitrator’s Decision
Plaintiff has argued that the arbitrator’s decision to have Leboeuf reinstated is determinative of the liability issues in this tort action. Since the arbitrator upheld Leboeufs suspension by Stevens (in fact extended it well beyond the five-day suspension that Stevens had been permitted to impose), this argument, even if correct, would not apply to him. As to Chandler, who made the decision to terminate Leboeuf, the arbitrator’s order that Leboeuf should he reinstated is not preclusive in Leboeufs favor in a tort action against her. See Blanchette v. School Committee of Westwood, 427 Mass. 176, 179 n.3 (1998).
Since arbitration is limited to the interpretation or application of the contractual agreement between the parties (M.G.L.c 150E, §8), the determination of liability for alleged torts that were neither raised nor fully litigated during the arbitration is not binding on this Court. Id. The undisputed facts are that the arbitrator determined that the investigations of Leboeuf were inadequate and the evidence from those investigations did not reach the “clear and convincing” standard required by the agreement. The arbitrator did not address any of the present allegations against the defendants. As “the rights on which the [plaintiff] is seeking preclusion have not been the product of full litigation and careful decision” the doctrines of preclusion (claim preclusion and issue preclusion) do not apply. Blanchette, 427 Mass. 176 at 181.[1]
B. Four Remaining Counts of the Complaint
As to Counts One and Two (Interference with Contractual Relations and Interference with Advantageous Business Relations) the controlling case is Appley v. Locke, 396 Mass. 540 (1986) (holding that so long as the individual terminating the employment of an employee was authorized to do so, the employee has no claim against that individual for which relief could be granted). It is undisputed that Stevens had the authority to suspend Leboeuf and Chandler had the authority to terminate Leboeufs employment. An employer cannot be liable for tortious interference between itself and an employee. Saint Louis v. Baystate Medical Center, Inc., 30 Mass.App.Ct. 393, 404 (1991), citing Appley v. Locke, supra. So long as, as is undisputed here, Stevens was acting within his authority as the chief of the Southbridge police department when he suspended Leboeuf, and Chandler was acting within her authority as Town Manager when she ordered his termination, no relief can be granted against either of them under Counts One and Two.[2]
Count Three (Defamation) relies upon two statements made by Stevens and Chandler. It is undisputed that prior to the arbitration hearing Chandler told a local radio station “Leboeuf will never get his job back with the Town of Southbridge.” Following the arbitrator’s decision, Stevens made a statement to the local newspaper that “while we do not want him back, we will abide by the arbitrator’s decision.”[3] Stevens’s statement is a true statement and as such is not actionable. Milgroom v. News Group Boston, Inc., 412 Mass. 9, 12 (1992).
Chandler stated, in essence, in her opinion Southbridge would prevail in the arbitration. As it turns out, she was wrong. The question whether a statement constitutes one of fact or opinion is a question of law for the court to decide. Lyons v. Globe Newspaper Co., 415 Mass. 258, 263 (1993). After considering the factors enunciated in that case, the Court concludes that Chandler’s statement constitutes an opinion and as such is not actionable.
Count Five (False Light/Invasion of Privacy) is the only remaining count. The invasion of privacy that Leboeuf asserts is “putting plaintiff in a false light.” That count is easily disposed of. The Commonwealth simply does not recognize that tort. ELM Medical Laboratory, Inc. v. RKO General, Inc., 403 Mass. 779, 787 (1989), citing Fox Tree v. Harte-Hanks Communications, Inc., 398 Mass. 845, 848-49 (1986).
ORDER
For the foregoing reasons, the plaintiffs partial Motion for Summary Judgment is DENIED and the defendants’ Cross-Motion for Summary Judgment is ALLOWED. It is ORDERED that the Complaint be dismissed with prejudice.

 If the findings and rulings of the arbitrator were preclu-sive then the claims in this action could not have been brought at all.

 The only exception to this might he if plaintiff alleged that Stevens and Chandler acted out of malevolence, that is, with “actual” malice. Steranko v. Inforex, Inc., 5 Mass.App.Ct. 253, 272-73 (1977). The malice must be actual, not implied. There are no allegations of malice on the part of Stevens or Chandler in the Complaint or brought to the Court’s attention.

 Plaintiff broadly refers to “statements made by the defendants” in both the Complaint and the argument. However, the only statements referred to are these. To the extent the defendants made other statements within the context of either the internal investigation or disciplinary hearing, those statements are protected by a conditional privilege. See Draghetti v. Chmielewski, 416 Mass. 808 (1994).